UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT ABRAHAM CLARK,

     Plaintiff,

v.                                                    CASE NO. 8:24-cv-1015-SDM-TGW

PINELLAS COUNTY SHERIFF DEP'T
  JAIL OFFICIALS, *et al.*,

     Defendants.

_____/

**ORDER**

     Clark's complaint alleges that the defendants violated his civil rights while he was both detained in the Pinellas County jail and imprisoned in the Central Florida Reception Center ("C.F.R.C.") for the Florida Department of Corrections in Orlando, Florida.  Clark moves for leave to proceed *in forma pauperis*.  (Doc. 2)  The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e). Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), the complaint contains several defects that preclude issuing service of process.  Clark must file an amended complaint.

**Proper Division of the Middle District of Florida:**

Clark asserts that he sustained "multiple facial fractures and head trauma" when he was attacked by another detainee.  Clark represents that his condition is complicated by his having a "plate extending through the roof of my upper mouth" because of prior facial reconstructive surgery following a rock-climbing fall in Arizona.

Clark alleges that an incident in the Pinellas County jail caused his transport to a local hospital's emergency room, and that upon his return to the jail he was assigned to solitary confinement and denied adequate medical care.  The only named defendants related to his time in the jail are "Pinellas County Sheriff Dept. — Jail Officials," "Pinellas County Jail — Nursing/Medical Provider," and "Medical Staff Provider at Local Emergency Room/DR."

Also, Clark alleges that, following his transfer to the C.F.R.C. in Orlando, he is being denied adequate medical care.  Clark names as defendants the assistant warden, the intake classification officer, and the medical doctor who is treating him. Clark complains about both the orientation process and the grievance process in the C.F.R.C., requests the demotion of certain C.F.R.C. medical providers, and moves (Doc. 9) for a preliminary injunction (1) to require his transfer to a supervised release center, (2) to authorize his facial reconstructive surgery, and (3) to bar nursing staff from retaliating against him for exercising his First Amendment right.

The jail defendants are not liable for Clark's treatment after he left the county jail, and the C.F.R.C. defendants are not liable for Clark's treatment before he was

placed into their custody.  Consequently, Clark should not pursue all his claims in a single action.  Clark should pursue his claims that arose while detained in the Pinellas County jail in the present action in the Tampa Division of the United States District Court, but he should pursue his claims that arose while imprisoned in the C.F.R.C. in a new action in the Orlando Division.  The clerk will send to Clark the necessary forms.

**Defendants:**

Clark cannot pursue a claim against "Pinellas County Sheriff Dept. — Jail Officials."  Clark must identify by name the person ("jail official") he claims violated his rights.  And a "sheriff's office" is not a legal entity subject to suit, as *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013),[1] explains:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

This defective identification of a defendant, that is, the failure to identify the specific person, also applies to defendants "Pinellas County Jail — Nursing/Medical

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Provider" and "Medical Staff Provider at Local Emergency Room/DR." Clark must identify by name the person (medical provider) he claims violated his rights.

Additionally, Clark states that he believes that the medical care received in the emergency room was at a local, public "H.C.A. Hospital." Consequently, the complaint fails to allege facts showing that the defendant "Medical Staff Provider at Local Emergency Room/DR" acted under color of state law. *See generally Dennis v. Sparks*, 449 U.S. 24 (1980). "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co.*, Inc., 457 U.S. 922, 936 (1982) (*quoting Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). The Fourteenth Amendment offers no protection against private conduct, no matter how wrongful, outrageous, or discriminatory. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974). The complaint fails to state a claim against this defendant because Clark fails to allege facts showing that the medical care provider is anything other than a private citizen or non-governmental entity, that is, the complaint fails to show that the hospital was acting "under color of law." A fair reading of the complaint shows that the "H.C.A. Hospital" provided Clark medical care the same as would have been provided to any member of the public who needed treatment.

Consequently, Clark identifies no defendant against whom he can pursue a claim in this action. Although the complaint identifies some persons as a defendant,

as stated above Clark should not proceed in this action in the Tampa Division with a claim based on events that occurred while imprisoned in the C.F.R.C. in Orlando.

Lastly, Clark is advised that he cannot pursue a Section 1983 action based only on the person's supervising someone who allegedly wronged Clark because the complaint must assert facts showing the direct and active involvement of each defendant in the alleged deprivation of Clark's civil rights. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions.").

**<u>Capacity:</u>**

Clark purports to sue the defendants in only their "official capacity." Obviously, Clark misunderstands the meaning of "official capacity." Individual capacity and official capacity are commonly confused with the requirement that, to assert a civil rights action under 42 U.S.C. § 1983, the defendant must act "under color of law." The "under color of law" requirement means that the defendant must have acted as an agent of a government — whether state, county, or city. For example, a government employee who causes an injury while performing a governmental duty acts "under color of law," but the same employee who causes an injury while not performing a governmental duty does not act "under color of law."

An allegation that an employee caused an injury while performing a governmental duty meets the "under color of law" requirement for a claim against the employee in his individual (or personal) capacity. *Kentucky v. Graham*, 473 U.S.

159, 165 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.").  An action against a defendant in his individual capacity seeks to hold the defendant personally liable for his individual acts.

To the contrary, a claim against a defendant in his official capacity requires proof that an official policy or custom caused the alleged injury.  An official capacity claim is actually a claim against the governmental entity without regard to the person who committed the act or to the person who holds the official position.  *Kentucky v. Graham*, 473 U.S. 159, 195 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690); *Owens v. Fulton Cnty.*, 877 F.2d 947, 952 n.5 (11th Cir. 1989) ("For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents.") (citing *Graham*).  For example, an official capacity claim against an office holder stays with the office without regard to the identity of the person holding the office; an individual capacity claim stays with the individual (even if the individual leaves the office) and does not transfer to the next person holding the office.  To establish the liability of a governmental entity, the official policy or custom "must be 'the moving force of the constitutional violation . . . .'" *Polk County, Iowa v. Dobson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694). *Accord Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020).

Consequently, if he can identify the person who allegedly violated his rights, Clark's claim against that person is an "individual capacity" claim.

**Remedies:**

Although recovering monetary damages is possible in a civil rights action based on the defendant's wrongful conduct, Clark cannot receive compensation for property lost due to his imprisonment, cannot file criminal charges against a fellow detainee, cannot force an institution to re-write policies that control the placement of detainees, cannot order his placement into a specific housing assignment, and cannot pursue relief for an injury sustained by another detainee. In his amended complaint Clark must limit his request for relief to only monetary damages.

**Preliminary Injunction:**

Clark moves (Doc. 9) for a preliminary injunction based on events that have occurred in the C.F.R.C., specifically, alleged retaliation for exercising his rights under the First Amendment, the lack of medical care, and nursing staff "verbally slandering him." As stated above, the Orlando Division is the proper court for Clark to pursue a claim based on an event that occurs in the C.F.R.C. in Orlando.

**Discovery:**

Clark submits his "Request for Admissions" (Doc. 10) under Rule 36, Federal Rules of Civil Procedure. A party must submit a request for discovery to an opposing party, not to the court, and the party cannot submit such a request until an opposing party has appeared in the action.

**Counsel:**

Clark moves for the appointment of counsel.  (Docs. 4 and 7)  A civil litigant has no constitutional right to counsel because a Section 1983 action is a civil action and because Clark's physical liberty is not at risk.   *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) ("The pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation.").  The fundamental fairness requirement of the due process clause of the Fourteenth Amendment to the United States Constitution requires appointment of counsel in a civil case only in an "exceptional circumstance." *Lassiter*, 452 U.S. at 31.  *See Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996).  Clark fails to meet his burden of presenting an "exceptional circumstance" requiring the appointment of counsel.  As with most of his other requested forms for relief addressed above,

**Extension of Time:**

Clark moves (Doc. 11) for an extension of the to obtain summons and waiver forms.  Clark is advised that the clerk will prepare and send to him the necessary forms for his signature when the court determines that the action is ready to proceed with service of process.  Also, Clark cannot use a civil rights action to obtain an order directing his transfer to another institution.

**Amended Complaint:**

Clark must file an amended complaint, which must be complete because an amended complaint supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009). *See Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."). *See also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint). In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

The fact that Clark is proceeding *pro se* does not excuse his failure to comply with the basic pleading requirements imposed by the federal rules. And, although the district court must liberally construe a *pro se* complaint, neither a district court nor a defendant is required to read between the lines to create a claim on Clark's behalf. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*) (noting that while a *pro se* complaint "is held to a less stringent standard than a pleading drafted by an attorney[,] . . . [the

complaint] must still suggest that there is at least some factual support for a claim")
(citation omitted); *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369
(11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a
court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise
deficient pleading in order to sustain an action.") (citations omitted).

Also, Clark is advised that, if he fails either to move for an extension of time
or to file an amended complaint within the time allotted, this order dismissing the
initial complaint will become a final judgment. *Auto. Alignment & Body Serv., Inc. v.
State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order
dismissing a complaint with leave to amend within a specified time becomes a final
judgment if the time allowed for amendment expires without the plaintiff [amending
the complaint or] seeking an extension.  And when the order becomes a final
judgment, the district court loses 'all its prejudgment powers to grant any more
extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-
Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing
to state a claim upon which relief can be granted, but the dismissal is **WITHOUT
PREJUDICE** to the filing of an amended complaint within **THIRTY (30) DAYS**
and limited to claims based on Clark's time in the Pinellas County jail.  The motion
(Doc. 2) for leave to proceed *in forma pauperis* is deferred until Clark supplements the
motion with a fully completed "Prisoner Consent and Financial Certificate."  The

clerk must send to Clark two copies of both a civil rights complaint form and a "Prisoner Consent and Financial Certificate" form. The failure to timely file an amended complaint and return the required financial information will result in the dismissal of this action without further notice.

Further, the motions to appoint counsel (Docs. 4 and 7), for a preliminary injunction (Doc. 9), and for discovery (Doc. 10) are **DENIED**. Any other pending motion is **DENIED AS MOOT**.

## A CAUTION TO MR. CLARK

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Clark is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on July 12, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE